498 P.2d 652

Melvin F. HULET, Plaintiff and Respondent,

v.

Daniel TULLIS and Marilyn H. Tullis, his wife, Defendants and Appellants.

No. 12615.

Supreme Court of Utah.

June 23, 1972.

LeRay G. Jackson, of Cline, Jackson & Jackson, Milford, for defendants and appellants.

Melvin F. Hulet, pro se.

HENRIOD, Justice.

Appeal from a judgment of restitution of a house and lot. Affirmed with costs to plaintiff.

Plaintiff is an uncle of Marilyn, one of the defendants. There had been some tentative negotiations about possible sale of the former's rather run-down property to defendants, which went even so far as a proposed written contract prepared by Hulet's attorney, which proved unacceptable to defendants, who had moved into the house and made some improvements, and who, on rejecting Hulet's proposed written contract, took the liberty of annotating it to the displeasure of Hulet. Defendants, without benefit of Hulet's counsel, but of their own, proposed a substitute written contract architectured by Tullis' personal attorney, with different terms and conditions which, together with other facts reflected in the record indicated that there was not much meeting of anything, including minds, accentuated Hulet's indisposition to truckle to what appeared to him to be an irritating development, resulting in an avuncular animadversion which precluded any manifestations of mutual assent or peripheral problems about the Statute of Frauds.

Counsel for Tullis insists that there was an oral contract of sale of the property, enforceable in equity and inoculated against the Statute of Frauds by the partial performance theory. He urges this conclusion by reciting in his brief only those facts tending to deify the oaths taken by his clients and degrading those taken in support of the other side. Counsel did not relate any of the testimony or evidence favorable to the latter, much of which was antithetical, which evidence, involving a dispute of fact, under traditional rules of appellate review, we examine in a light favorable to the trial court's findings and decree, he having heard the case without a jury.

Suffice it to say that one or more persons were either color blind in this case or deliberately took indecent liberties with the truth,—since there is substantial competent evidence to the effect that this case is lily-white on one side or bituminously black on the other,—and in viewing the spectrum, the trial court sort of in-be-

tweened it with a dull gray that did not seem to satisfy anyone or anything, except the law, the trial court and this court on review.

The trial court found that actually there was an oral rental agreement, not an oral agreement of sale, and enforced it by its decision. In a well-written brief, defendants' counsel accurately points up the law as to enforceability of an oral contract of sale partially performed,[1]—but he does so on the assumption that such facts are true,—which the trial court neither assumed nor found. It is significant that counsel for defendants made no point on appeal to the effect that the evidence did not support the trial court's judgment, nor did he point out any such insufficiency, but simply *assumed* two things,—that his clients' evidence must be taken as true and, as a corollary thereto, that the assumption logically must follow that there was such a contract, and that ergo, the trial court erred. We cannot buy such a conclusion under the established rules of appeal.

CALLISTER, C. J., and TUCKETT, ELLETT and CROCKETT, JJ., concur.

1. And in this respect we recommend his quotation from Randall v. Tracy Collins, 6 Utah 2d 18, 305 P.2d 480 (1956), that "First, the oral contract and its terms must be clear and definite; second, the acts done in performance of the contract must be equally clear and definite; and

third, the acts must be in reliance on the contract." There is considerable conflict shown in the record here to justify application of this rule in favor of concluding that there was no enforceable contract.